# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| HELEN MOSS, | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:10-CV-36-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant protectively applied for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI) on June 29, 2007, alleging disability as of February 15, 2002. (Tr. 61; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 11.) The Claimant appeared before an ALJ for a video hearing on October 2, 2009, and following the hearing, the ALJ issued an unfavorable decision on November 3, 2009. (*Id.*) The Appeals Council subsequently denied Claimant's Request for Review on March 17, 2010. (*Id.*) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since February 15, 2002. (Tr. 13.) The ALJ also concluded that as of June 30, 2006, her last date insured, Claimant's insulin dependent diabetes mellitus, hypertension, cellulitis of the great toe and obesity were severe, but that they – or any combination of her impairments – did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform the full range of sedentary work. (Tr. 14.) The ALJ determined that Claimant could perform her past relevant work as a telephone solicitor. (Tr. 18.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

The sole issue for determination in this case is whether the ALJ erred in using Claimant's previous part-time work as a telemarketer as past relevant work for purposes of finding her not disabled at step four of the five-step sequential analysis. (Br. in Supp. of Cl. for Soc. Sec. Benefits, 1; ECF No. 12.) Claimant argues that the work she performed as a telephone solicitor did not qualify as substantial gainful activity ("SGA"), and, as such could not be considered past relevant work. (*Id.*, 6.)

In terms of past relevant work, the Regulations state that "work experience applies when it was done within the last 15 years, lasted long enough for [Claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). The Regulations further define substantial gainful activity as:

> Substantial gainful activity is work activity that is both substantial and gainful:
>
> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
>
> (c) Some other activities. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572. "Generally, in evaluating [] work activity for substantial gainful activity purposes, [the Commissioner's] primary consideration will be the earnings [claimant] derive[s] from the work activity." 20 C.F.R. § 404.1574(a)(1). To assist the Commissioner, the Regulations contain "earnings guidelines" that establish for every year an average monthly earnings amount that the claimant must exceed to determine whether he/she has engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)-(3). For example, if a claimant's earnings were below an average of $700 per month for the year 2000, such earnings would ordinarily show that the claimant has not engaged in substantial gainful activity. *Id*.

In this case, it is undisputed that Claimant earned $8,613.37 in the calendar year 2001 as a telemarketer. (Tr. 55.) Pursuant to the Earnings Guidelines, there is a presumption that Claimant engaged in SGA if she averaged over $740 in income per month in 2001. *See* 20 C.F.R. § 404.1574(b)(2). Dividing $8,613.37 by 12 months would result in an average monthly earnings amount of $717.78, which is below the $740 threshold amount to constitute SGA. Therefore, it would have been reversible error for the ALJ to have considered her work in 2001 as a telephone solicitor to be past relevant work for purposes of finding that she was not disabled.

The Commissioner, however, argues that Claimant testified that she did not work the entire 2001 calendar year, and as such, even assuming she worked eleven of the twelve months, her average income would have been $783 per month, which would qualify her work as being SGA. (Comm'r's Mem. 5, ECF No. 14.) Alternatively,

Claimant maintains that she did not state that she worked for less than a year in 2001, but merely that she worked *as a telemarketer* for less than one year in 2001. (Cl's Resp. Br. 1,2; ECF No. 16.) A review of the record reveals the following exchange during the hearing between the ALJ and Claimant:

> ALJ: … What is the last job that you actually performed?
> Cl: The telemarketer.
> ALJ: Okay. Make sure you speak up.
> Cl: Okay.
> ALJ: And you worked as a telemarketer?
> Cl: Yes. Uh-huh.
> ALJ: Okay. How long did you do that?
> Cl: For less than one year.
> ALJ: Less than one year? And what year did you last work as a telemarketer?
> Cl: In 2001.
> ALJ: 2001?
> CL: Uh-huh.

(Tr. 313; ECF No. 8.) A review of Claimant's Detailed Earnings Query reveals that she worked for three different companies in the year 2001. (Tr. 55.) Specifically, Claimant earned: $1863.75 from an employer listed as OLC INC, with an Employer Identification Number ("EIN") of 582299612; $3435.12 from All-States Distribution Center, EIN: 582461098; and $3314.50 from Gevity HR VIII LP, EIN: 650751785. (*Id.*) Of significant note is Claimant's testimony at the hearing that she performed t*he same type of work- that of a telemarketer- for each of these employers*, and that she left the job in

7

2001 because it "ended."² (Tr. 313, 333-34.)  In fact, Claimant stated that the companies basically just changed names, but that "it was all the same thing."  (Tr. 334.)

By Claimant's own testimony, she asserted that she worked as a telemarketer for less than a year in the year 2001, and the record clearly shows that she continued to work for the telemarketing company into 2002.  Importantly, Claimant also stated that she only left that employment because the company shut down.³

The ALJ's decision reveals that in his analysis of step four that he found "the Claimant has performed [the job of telephone solicitor] for several years at the sedentary level of exertion." (Tr. 18.)  It is reasonable to infer from the record that the ALJ made this statement based on the Claimant's testimony that all of her work in 2000 to 2002, which she listed as a "salesperson" on her disability applications (Tr. 62, 71, 88), was that of a telephone solicitor.   However, even were the statement made in error as Claimant contends, it should be found to be harmless in light of the totality of the evidence as it did not prejudice Claimant and would not likely have changed the ALJ's ultimate findings. *See Diorio v. Heckler* 721 F.2d 726, 728 (11th Cir. 1983); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise").

In a factually similar case, where the Claimant argued that the ALJ wrongly

---

2 Claimant's Earnings Report shows that she actually worked for All-States Distribution Center, Inc. into the year 2002 and earned approximately $530.89 from them in that year.

3 The record also reveals that Claimant lists her onset of disability date as the same month that her telemarketing job ended because the company closed. (Tr. 49, 61.)

considered his past work as SGA in its step four evaluation, the Eastern District of Wisconsin Court held that:

> The federal regulations define earnings showing substantial gainful activity by reference to "monthly earnings averaged." 20 C.F.R. § 404.1574 (b)(2)(ii)(B). They do not define such earnings by reference to yearly totals. Therefore, the court would apply a contrived interpretation by reading "monthly earnings averaged" to require a yearly earnings total in order to qualify as substantial gainful activity. If the agency intended to require an annual amount, it could easily have written the rule to read "yearly earnings totaling more than ..." The agency chose not to. The rule language does not discuss yearly earnings and this court will interpret the earnings amount requirement to apply only to the months of employment.

*Hauser v. Astrue,* 2009 WL 679653, slip op. *5 (E.D.Wis. Mar. 16, 2009). The Court therefore determined that the claimant's past work as a security guard constituted SGA, thus qualifying as past relevant work even though he did not work for an entire calendar year. *Id.*

A claimant bears the burden of showing that her work experience was not past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). Here, even though she listed her past work as a salesperson from February 2000 to February 2002, Claimant averred in her application for disability benefits that she "worked intermittently in [the years] … 1994-2002, and thus [her] earnings were lower these years." (App. Summ. for Disability Insurance Benefits, 2; Tr. 50.) That acknowledgement, taken with Claimant's testimony that she worked as a telemarketer for less than a year in 2001, fails to show that Claimant worked the entire twelve months of 2001. Thus, it was more than reasonable for the Commissioner to calculate Claimant's earnings based on a term of less

9

than the full twelve months. Even assuming Claimant worked eleven and a half months of 2001, her average monthly income of $748 would still have met the threshold amount of $740 to qualify as substantial gainful activity. Logically, it would follow that the ALJ did not err in considering Claimant's work as a telephone solicitor to be SGA for purposes of finding that it qualified as past relevant work which her RFC would allow her to continue to perform. Therefore, no error is found as to the ALJ's determinations, and Claimant's claim should fail.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 3rd day of June, 2011.

S/ Stephen Hyles                        .
UNTED STATES MAGISTRATE JUDGE